**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Leonard J. Fisherman, Jr.</u>

   v.                                                                        Case No. 22-cv-246-SE

<u>John Doe Nos. 1-8, et. al</u>

### REPORT AND RECOMMENDATION

Plaintiff Leonard. J. Fisherman, Jr., appearing pro se, has sued several federal law enforcement agents and intelligence officials, claiming to be the victim of "satellite/remote neural monitoring technology," in violation of his constitutional rights. Mr. Fisherman's complaint is before the undersigned Magistrate Judge for preliminary review. <u>See</u> LR 4.3(d)(1) (directing complaints filed by incarcerated plaintiffs appearing pro se be forwarded to the magistrate judge for preliminary review).[1]

### Preliminary Review Standard

The court conducts a preliminary review of complaints filed by incarcerated plaintiffs seeking relief from government

---

[1] Mr. Fisherman originally filed his complaint on July 5, 2022. (Doc. No. 1). He has since filed three subsequent complaints. (Doc. Nos. 8, 9 and 13). While the court considers the "4th Verified Complaint" (Doc. No. 13) to be the operative complaint, this preliminary review is taking into consideration the allegations in the previous three filings as well as Mr. Fisherman's motion to add more defendants (Doc. No. 10).

agents. See LR 4.3(d)(1); see also 28 U.S.C. § 1915A. In considering whether the complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief'" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A).

**Factual Background**

Mr. Fisherman's lengthy complaint is disorganized and often difficult to follow. The gist of his allegations is that, beginning in 2012 while he was incarcerated in Minnesota,[2] federal authorities and their agents used satellite-based neural monitoring to learn about Mr. Fisherman's "entire life," including his childhood, adulthood, religion, and relationships. Complaint (Doc. No. 13) at 15. According to Mr. Fisherman, the agents first offered to prove Mr. Fisherman's criminal innocence through the use of that satellite technology (by reading his

---

[2] In Minnesota, Mr. Fisherman was convicted of sexual assault and subsequently for assaulting a fellow inmate. See State v. Fisherman, No. A14-1591, 2015 WL 5511390 (Minn. Ct. App. Sept. 21, 2015).

"true thoughts") in exchange for him becoming a "jailhouse snitch." When he declined, they nevertheless continued to use the equipment to monitor him, communicate with him, and eventually suppress evidence of his innocence.

## Discussion

One standard for dismissing claims upon preliminary review is set forth in Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citing Neitzke v. Williams, 490 U.S. 319, 325, 327-28 (1989)). The assertions in the complaint in this case satisfy that standard, as the complaint lacks "an arguable basis in law or fact." Neitzke, 490 U.S. at 325. While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," such as when the claims describe "fantastic or delusional scenarios" or the defendants are immune from suit. Neitzke, 490 U.S. at 327-28; see Williams v. Goldsmith, 701 F.2d 603, 604 (7th Cir. 1983). While this court has no reason to question Mr. Fisherman's sincerity, his claims of satellite-based neural monitoring do not give rise to any nonfrivolous claim upon which relief can be granted. Accordingly, the complaint (Doc No. 13) should be dismissed.

## Conclusion

For the foregoing reasons, the district judge should dismiss the complaint (Doc. No. 13). In addition, if the

3

district judge adopt this recommendation, plaintiff's motion to stay (Doc. No. 2), motion to appoint counsel (Doc. No. 7), motion to add defendants (Doc. No. 10), and motion for hearing (Doc. No. 11) should be denied.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal.  See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 9, 2023

cc:  Leonard Fisherman, Jr., pro se